IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMANDA PERRY; MICHAEL ALLEN; TRINO LOPEZ; and ANDREA LOPEZ,

No. 3:18-cv-01042-HZ

Plaintiffs,

v.

CLACKAMAS COUNTY SHERIFF'S OFFICE, a political subdivision of Clackamas County, Oregon,

OPINION & ORDER

Defendant.

HERNANDEZ, District Judge:

Plaintiffs, occupants of real property located in Oregon City, Oregon, bring this 42 U.S.C. § 1983 action against Defendant Clackamas County Sheriff's Office. Compl. ¶ 6, ECF 2. Plaintiffs contend that Defendant violated Plaintiffs' constitutional rights by selling the real property pursuant to an writ of execution which, under Oregon law, had expired. *Id.* ¶¶ 10, 17. Plaintiffs contend that as a result, Defendant had no authority to sell property. *Id.* ¶ 18. Plaintiffs assert that Defendant's actions deprived them of their property rights without due process in

1 - OPINION & ORDER

violation of the Fourteenth Amendment, and violated their Fourth Amendment rights by unreasonably seizing the property and their home. *Id.* ¶¶ 18, 25-30. As detailed more fully below, Plaintiffs were evicted from the property on May 30, 2018. *Id.* ¶ 19. However, they have now returned to the property. Nonetheless, they move for a temporary restraining order (TRO) preventing "Defendant from removing them once again" and restraining Defendant from reentering the premises. TRO Mot. at 2, ECF 1. For the reasons explained below, I deny the TRO motion.

## STANDARDS

The standard for a TRO is "essentially identical" to the standard for a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing *Stuhlbarg Int'l Sales Co, v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001)); *see also Daritech, Inc. v. Ward*, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO).

> "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

*Am. Trucking Ass'ns Inc. v. City of L. A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008)).

## DISCUSSION

Plaintiff alleges that the property at issue was the subject of a foreclosure action in Clackamas County, Oregon. Compl. ¶ 13 (citing Clack. Cty. Case No. CV12100184). A General Judgment of Foreclosure was entered in that case on September 21, 2016. *Id.* ¶ 14; *see*

*also* Leonard June 14, 2018 Decl., Ex. 3, ECF 1-2 at 38-46 (Corrected Gen'l Judgmt. of Foreclosure in favor of Wells Fargo Bank against Timothy K. Mathes, Elisea R. Call, State of Oregon, and Occupants of the Premises dated September 21, 2016). Under that Judgment, a Deed of Trust executed by Mathes in favor of Wells Fargo's predecessor in interest was adjudged to be a valid lien against the property. *Id.* As a result of that Judgment, the defendants in that proceeding, including the "Occupants" were "forever barred and foreclosed of all interest, lien, or claim in the Property and every portion thereof excepting only any statutory right of redemption provided by the laws of the State of Oregon." *Id.*

On May 4, 2017, a writ of execution was issued by the Clerk of the Clackamas County Circuit Court. Compl. ¶ 14; *see also* Leonard Decl., Ex. 1, ECF 1-2 at 5-19. Plaintiff alleges that the writ was "duly delivered" to Defendant. Compl. ¶ 14. The documents themselves show that Defendant received the writ on June 13, 2017. Leonard Decl., Ex. 1 at 5 (Return of Writ in which Clackamas County Sheriff's Department Adrianna Dominguez certifies she received the writ on June 13, 2017); *Id.* at 8 (Writ of Execution stamped "Received" by Defendant on June 13, 2017). Pursuant to the writ, the property was sold on July 25, 2017. Compl. ¶ 15; Leonard Decl., Ex. 1, ECF 1-2 at 5-19. The writ was returned to the Clackamas County Circuit Court on that date. *Id.*

In April 2018, the bank, the judgment creditor in the general judgment of foreclosure, filed a motion in the state court civil action in Clackamas County, for a writ of assistance. Leonard Decl., Ex. 4, ECF 1-2 at 47-54. The Clackamas County Circuit Court granted the motion and the writ of assistance was filed on April 12, 2018. *Id.* Defendant was ordered to enforce the writ. *Id.* Defendant did so on May 30, 2018 and removed Plaintiffs from the

property. *Id.*

On June 7, 2018, the Clackamas County Circuit Court issued an order in the same civil case number CV12100184, vacating the April 12, 2018 writ of assistance and quashing the writ. Leonard Decl., Ex. 6, ECF 1-2 at 85-86. The Court did so based on the motion of the "Occupants." *Id.* According to assertions made by Plaintiffs in their TRO motion, they moved to vacate the writ of assistance based on invalid notice. TRO Mot. at 5. The Court ordered that the Occupants be allowed to return to and occupy the property pending the outcome of a hearing to be held within two weeks. *Id.*

One week later, Plaintiffs filed this action. In their Complaint, they assert that they have not been allowed to return to the property to gather the necessary medication for their disabled children. Compl. ¶ 23. They further contend that they have been forced to pay to stay at a motel and board their dogs, all to their detrimental expense. *Id.* They also allege that the developmentally disabled children have reacted poorly to the sudden and abrupt change in living situation and will require therapy at a cost of $10,000. *Id.* In the TRO motion, Plaintiffs acknowledge that they were allowed to return to their home as of June 7, 2018. TRO Mot. at 5.

The basis of Plaintiffs' § 1983 claims is that under Oregon Revised Statute § (O.R.S.) 18.872, the Sheriff must return a writ of execution to the court administrator within sixty days after the sheriff receives the writ. O.R.S. 18.872(1). A longer time, but no more than 150 days, may be allowed if authorized by the person who requested the writ of execution. *Id.* The court that issued the writ may extend the time for return of the writ. *Id.* Plaintiffs allege that Defendant has an unlawful policy of placing writs of execution received from the circuit court in a filing cabinet. Compl. ¶ 11. When Defendant "has the time and inclination to act on the writ,"

the writ is retrieved and then stamped with the date received, which starts the sixty-day clock provided for in O.R.S. 18.872(1). Because, however, in this case, the writ is dated by the circuit court on May 4, 2017, Plaintiffs allege that the sale which occurred on July 25, 2017, is more than sixty days after the issuance of the writ and thus, as of the date of the sale, the writ had been expired for twenty-two days. *Id.* This, according to Plaintiffs, voids the sale because Defendant had no authority to conduct the sale. *Id.*

Plaintiffs' allegations and the fact that they are currently occupying the property (or have the right to) and are in active litigation in a state court regarding their right to continue to occupy the property, all indicate that the TRO motion must be denied. First, no allegation indicates that any of the four Plaintiffs was ever a property owner or party to the Deed of Trust. Therefore, Plaintiffs were either tenants or squatters on the property. Although Plaintiffs allege that they had a right to possess the property up and until a valid sheriff's sale was concluded, that is a conclusory allegation of law and does not establish those rights for the purpose of showing a likelihood of success on the merits of the claims asserted here. Plaintiffs provide no law indicating that as tenants or squatters, they have the right to challenge the legality of a foreclosure sale. They also provide no law indicating that they have the right to challenge an allegedly untimely return of a writ of execution under O.R.S. 18.872(1). Additionally, to the extent Plaintiffs ever had any rights other than as tenants or squatters, those rights were extinguished as a result of the General Judgment of Foreclosure. And, as that Judgment makes clear, any rights that Plaintiffs ever had were terminated with that Judgment. Thus, both before and after the Judgment of Foreclosure, Plaintiffs were either tenants or squatters. They fail to establish a right to possession. As a result, they fail to establish that they have standing to bring claims based on

a right to possess the property. As a result, they fail to show that they have a likelihood of success on the merits.

Second, the TRO motion seeks an order prohibiting Defendant from removing Plaintiffs "again" from the property and prohibiting Defendant from reentering the property. But, Defendant, in evicting Plaintiffs on May 30, 2018, acted pursuant to an Order from the Clackamas County Circuit Court. Presumably, Defendant would return to the property to remove Plaintiffs only pursuant to another similar order. This raises serious questions of abstention. Under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting declaratory or injunctive relief absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43–54 (1971); *see also Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 393 (9th Cir.1995) ("Under *Younger* and its progeny, federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism."). Because granting the requested relief in the TRO motion could interfere with the proceedings currently pending in Clackamas County Circuit Court, *Younger* cautions against granting the TRO motion.

Finally, because Plaintiffs are currently occupying the property (or have the right to do so), and because there is no suggestion that a writ of assistance is currently being sought by the property owner, there is no urgency. The issues raised by the allegations and addressed in this Opinion would be better resolved after Defendant has appeared and had an opportunity to be heard in this matter. In summary, Plaintiffs fail to establish a likelihood of success on the merits. No immediate irreparable harm is demonstrated. I decline to address the other factors.

/ / /

CONCLUSION

Plaintiffs' motion for a temporary restraining order [1] is denied.

IT IS SO ORDERED.

Dated this 19 day of June, 2018

*Marco Hernandez*
Marco A. Hernandez
United States District Judge

7 - OPINION & ORDER